IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI



FILED
JUN 26 2015
DAVID CREWS
BY _____

UNITED STATES OF AMERICA

v.

CRIMINAL NO: 4:15 CR073

STEVEN HAYNES, a/k/a, "Papoo", "Pap"
OCTAVIOUS CONNER, a/k/a, "Tay Tay"
ANTONIO LEWIS, a/k/a, "Pokey"
REGINALD MURRAY, a/k/a, "Shorty Red"
CORDARELL JOHNSON, a/k/a, "Black"
FRANK WILLIAMS, a/k/a, "Fat Daddy", "Fats"
CRAIG HAYNES, a/k/a, "Pint"

21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. § 922
18 U.S.C. § 1956

### INDICTMENT

The Grand Jury charges that:

### COUNT ONE

**Conspiracy to Distribute Heroin**
**21 U.S.C. § 846**

Beginning at a date unknown, but on or about January 2014, and continuing until June 2015, in the Northern District of Mississippi and elsewhere, the defendants, STEVEN HAYNES, a/k/a, "Papoo", "Pap", OCTAVIOUS CONNER, a/k/a, "Tay Tay", ANTONIO LEWIS, a/k/a, "Pokey", REGINALD MURRAY, a/k/a, "Shorty Red", CORDARELL JOHNSON, a/k/a, "Black", FRANK WILLIAMS, a/k/a, "Fat Daddy", "Fats", and CRAIG HAYNES, a/k/a, "Pint" did knowingly and willfully combine, conspire, and agree with each other, and persons both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846.

## Goal of the Conspiracy

It was the primary purpose and object of the conspiracy to establish a heroin distribution network, which would obtain and subsequently distribute heroin in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible. The main task of this drug trafficking network was to acquire and distribute a continuous supply of heroin to customers of the network.

## Manner and Means to Accomplish the Conspiracy

The charged conspiracy was accomplished by the following means, among others, and in the following manner:

1. It was part of the conspiracy that the defendants would and did play different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The defendants made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the distribution operation.

2. It was further part of the conspiracy that co-conspirators would correspond with each other and with other heroin traffickers in Chicago, Illinois and Mississippi, among other places, to arrange the purchase and shipment of large quantities of heroin into the Northern District of Mississippi, and elsewhere.

3. It was further part of the conspiracy that heroin was prepared, packaged and/or stored, prior to distribution to buyers, in co-conspirators' premises, known as "stash houses." Co-conspirators used these "stash houses" to avoid detection by law enforcement authorities.

4. It was further part of the conspiracy that co-conspirators transported and distributed heroin to buyers in the Northern District of Mississippi, and elsewhere.

5. It was further part of the conspiracy that co-conspirators counted, transported and stored currency derived from the sale of controlled substances.

6. It was a further part of the conspiracy that co-conspirators used telephones, including cell phones, to facilitate their illegal narcotics business; that is by making telephone calls to communicate with each other, with suppliers, and with customers.

### Quantity of Heroin
### Involved in the Conspiracy

With respect to STEVEN HAYNES, a/k/a, "Papoo", "Pap", OCTAVIOUS CONNER, a/k/a, "Tay Tay", ANTONIO LEWIS, a/k/a, "Pokey", and CRAIG HAYNES, a/k/a, "Pint" the amount involved in the conspiracy attributable to these defendants as a result of each defendant's own conduct is an amount in excess of one hundred (100) grams of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B).

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

From on or about January 2014, and continuing until at least June 2015, both dates being approximate and inclusive, in the Northern District of Mississippi and elsewhere, defendants, STEVEN HAYNES, a/k/a, "Papoo", "Pap" and CRAIG HAYNES, a/k/a, "Pint", did unlawfully, knowingly and intentionally combine, conspire, and agree with each other and persons known and unknown to the Grand Jury to commit offenses against the United States, all in violation of Title 18, United States Code, Section 1956, to wit:

To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the

distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, possession with intent to distribute and distribution of heroin, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## GOAL OF THE CONSPIRACY

As part of this conspiracy, STEVEN HAYNES, a/k/a, "Papoo", "Pap", and others established a heroin distribution network which would obtain and subsequently distribute heroin in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible. An object of this conspiracy was to conceal and disguise the source, ownership, and control of the illegal proceeds obtained through drug trafficking, with some of the drug proceeds being invested into property and other investments in an effort to make the drug proceeds appear as if they were from legitimate sources and some proceeds being wired through money service businesses.

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of the conspiracy that STEVEN HAYNES, a/k/a, "Papoo", "Pap" and CRAIG HAYNES, a/k/a, "Pint" and others, would and did possess with intent to distribute and distribute heroin into the Northern District of Mississippi and elsewhere, thereby acquiring sums of money.

It was part of the conspiracy that STEVEN HAYNES, a/k/a, "Papoo", "Pap" and CRAIG HAYNES, a/k/a, "Pint" and others, would and did conduct and attempt to conduct financial

transactions by purchasing real property and using financial institutions and money service businesses.

It was part of the conspiracy that STEVEN HAYNES, a/k/a, "Papoo", "Pap" purchased several pieces of real property placing the ownership in a nominee's name or subsequently transferred the properties to nominee owners in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

It was also part of the conspiracy that STEVEN HAYNES, a/k/a, "Papoo", "Pap" and CRAIG HAYNES, a/k/a, "Pint" and others, were receiving at least some of the heroin from Illinois. STEVEN HAYNES caused money to be wired from Mississippi to his supplier in Chicago by using a money service business. STEVEN HAYNES directed CRAIG HAYNES to wire the money to a third party working for the supplier in Chicago in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

This scheme was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity all in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

On or about June 11, 2014, in the Northern District of Mississippi, the defendant CORDARELL JOHNSON, a/k/a, "Black" did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

5

## COUNT FOUR

On or about July 15, 2014, in the Northern District of Mississippi, the defendant FRANK WILLIAMS, a/k/a, "Fat Daddy", "Fats" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT FIVE

On or about July 29, 2014, in the Northern District of Mississippi, the defendant CORDARELL JOHNSON, a/k/a, "Black" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SIX

On or about October 23, 2014, in the Northern District of Mississippi, the defendant STEVEN HAYNES, a/k/a, "Papoo", "Pap" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SEVEN

On or about November 24, 2014, in the Northern District of Mississippi, the defendants STEVEN HAYNES, a/k/a, "Papoo", "Pap" and ANTONIO LEWIS, a/k/a, "Pokey", being aided and abetted each by the other, together with others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a

detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT EIGHT

On or about December 4, 2014, in the Northern District of Mississippi, the defendants STEVEN HAYNES a/k/a, "Papoo", "Pap", and ANTONIO LEWIS, a/k/a, "Pokey," being aided and abetted each by the other, together with others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT NINE

On or about January 8, 2015, in the Northern District of Mississippi, the defendants STEVEN HAYNES, a/k/a, "Papoo", "Pap", OCTAVIOUS CONNER, a/k/a, "Tay Tay" and ANTONIO LEWIS, a/k/a, "Pokey", being aided and abetted each by the other, together with others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT TEN

On or about January 21, 2015, and continuing until January 22, 2015, in the Northern District of Mississippi and elsewhere, the defendants, STEVEN HAYNES, a/k/a, "Papoo", "Pap"

and ANTONIO LEWIS, a/k/a, "Pokey" being aided and abetted each by the other, together with others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2, the use of which resulted in the death of Travis Lawrence on or about January 22, 2015.

## COUNT ELEVEN

On or about January 30, 2015, in the Northern District of Mississippi, the defendant ANTONIO LEWIS, a/k/a, "Pokey" did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT TWELVE

On or about January 30, 2015, in the Northern District of Mississippi, the defendant ANTONIO LEWIS, a/k/a, "Pokey", having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess, in and affecting commerce, a firearm, specifically a Jimenez Arms, Model JA22, .22 caliber, semi-automatic pistol, S/N #1142781, all in violation of Title 18, United States Code, Section 922 (g)(1) and 924(a)(2).

## COUNT THIRTEEN

On or about January 30, 2015, in the Northern District of Mississippi, the defendant, ANTONIO LEWIS, a/k/a, "Pokey", during and in relation to a drug trafficking crime, that is

possessing with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I substance, in violation of Title 21, United States Code, Section 841(a)(1), did unlawfully, knowingly, and intentionally and in furtherance of this crime possess a firearm, a Jimenez Arms, Model JA22, .22 caliber, semi-automatic pistol, S/N #1142781, all in violation of Title 18, United States Code, 924(c)(1)(A)(i).

## COUNT FOURTEEN

On or about January 30, 2015, in the Northern District of Mississippi, the defendant FRANK WILLIAMS, a/k/a, "Fat Daddy", "Fats", having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce, a firearm, specifically a Smith & Wesson, model: SD40VE, .40 caliber semi-automatic pistol, serial #HEE0589, all in violation of Title 18, United States Code, Section 922 (g)(1) and 924(a)(2).

## COUNT FIFTEEN

On or about February 11, 2015, in the Northern District of Mississippi, the defendant CORDARELL JOHNSON, a/k/a, "Black" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SIXTEEN

On or about February 12, 2015, in the Northern District of Mississippi, the defendant CORDARELL JOHNSON, a/k/a, "Black" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled

substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SEVENTEEN

On or about February 23, 2015, in the Northern District of Mississippi, the defendant REGINALD MURRAY, a/k/a, "Shorty Red" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT EIGHTEEN

On or about March 2, 2015, in the Northern District of Mississippi, the defendant REGINALD MURRAY, a/k/a, "Shorty Red" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT NINETEEN

On or about April 11, 2015, in the Northern District of Mississippi and elsewhere, the defendant, CORDARELL JOHNSON, a/k/a, "Black" did knowingly and willfully to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), the use of which resulted in the serious bodily injury of Overdose Victim #1 on or about April 11, 2015.

**Forfeiture Provision**

The allegations contained in Counts One, Three through Eleven, and Fifteen through Nineteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Section 841, the defendants, STEVEN HAYNES, a/k/a, "Papoo", "Pap", OCTAVIOUS CONNER, a/k/a, "Tay Tay", ANTONIO LEWIS, a/k/a, "Pokey", REGINALD MURRAY, a/k/a, "Shorty Red", CORDARELL JOHNSON, a/k/a, "Black", FRANK WILLIAMS, a/k/a, "Fat Daddy", "Fats", and CRAIG HAYNES, a/k/a, "Pint" shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

Further, the allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants STEVEN HAYNES, a/k/a, "Papoo", "Pap" and CRAIG HAYNES, a/k/a, "Pint" shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

The property subject to forfeiture to the United States includes, but is not limited to, the following:

11

1. Romarm, Model WASR-10, Rifle, S/N 1-52828-03.

2. Taurus, Model PT92AF, 9mm, semi-automatic pistol, S/N # TLK88346D

3. Ruger, Model LC9S, 9mm, semi-automatic pistol, S/N #327-10297

4. Arminius, Model HW357, .357 magnum, revolver, S/N #103175

5. Jimenez Arms, Model JA22, .22 caliber, semi-automatic pistol, S/N #1142781

6. Smith & Wesson, Model SD40VE, .40 caliber, Semi-automatic pistol, S/N #HEE0589.

7. Smith & Wesson, Model (unknown), .357 magnum, revolver, S/N #ALB8856

8. 2007 Chevrolet Tahoe, VIN 1GNFK13087R325384

9. 2003 Mercury Marquis, VIN 2MEFM74W13X666360

10. 2002 White Pontiac GAS, VIN 1G2NE52F42C176805

11. $6,700.00 United States currency seized from 1540 Camellia Drive

12. $1,265.00 United States currency seized from 1540 Camellia Drive

13. $612.00 United States currency seized from 1540 Camellia Drive

14. Lot 12 and the West Half of Lot 11, Block 3, Anderson Addition to the City of Clarksdale, Coahoma County, Mississippi (commonly known as 744 Pecan Street)

15. Lot 16, Block 6, Dolan and Peacock Subdivision, Clarksdale, Coahoma County, Mississippi.

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

The United States further reserves its right to seek forfeiture in the form of a money judgment against any of the defendants named herein in an amount equal to the illegal proceeds obtained by the defendants as result of the violations specified in this Indictment.

**A TRUE BILL**

First Asst. *[signature]*
UNITED STATES ATTORNEY

__/s/ Signature Redacted__
**FOREPERSON**